SAMUEL B. LUDLOW, RESPONDENT, *v.* THE CITY OF
OSWEGO AND JAMES NAVAGH, APPELLANTS.

*Chapter 311 of 1861 — applies to roads dedicated by the owners, as well as those laid
out — it is general in its operation.*

Chapter 311 of 1861 providing that " every public highway and private road already
laid out and dedicated to the use of the public, that shall not have been
opened and worked within six years from the time of its being so laid out * * *
shall cease to be a road for any purpose whatever," applies to highways or
roads dedicated to the public use by the owner of the soil, as well as those laid
out by proceedings *in invitum.*

The act is general in its operation, and repeals or modifies such provisions of
charters of municipal corporations theretofore granted as are inconsistent
with it.

APPEAL from a judgment in favor of the plaintiff, entered on the
report of a referee.

*Albertus Perry*, for the appellants.

*Rhodes & Richardson*, for the respondent.

SMITH, P. J. :

The action was brought to restrain the defendants from opening
and working a public street across the lands of the plaintiff, which
street, the defendants alleged, had been dedicated to the public use
and accepted by the public authorities. The referee found, as mat-
ter of law, that " as the public authorities neglected to open or
work the said street across the plaintiff's land for more than six
years after the enactment of chapter 311 of the Laws of 1861, the
*locus in quo* became abandoned for the purpose of a street and the
authorities lost the right to open or appropriate the same in virtue
of such dedication." The question principally argued is, whether the
act referred to applies to highways or roads dedicated to the public use
by the owner of the soil as well as to those laid out by proceedings *in
invitum.* The question is not free from doubt, but we incline to
the opinion that the statute does so apply. Before the passage of
the act of 1861, the statute applied to " laid out" roads exclusively.
(1 R. S., 520, § 99.) By the act of 1861, it was amended so as to
read " every public highway and private road already laid out and
dedicated to the use of the public that shall not have been opened,"

etc. The appellants' counsel is understood to contend that the amendment makes the statute applicable exclusively to highways laid out by virtue of legal proceedings *and* dedicated, *i. e.*, "appropriated" or "set apart" by the public authorities to the public use. But that construction renders useless the words "and dedicated to the use of the public," since every public highway is, of necessity, appropriated to the public use. We think the clause is to be interpreted as if it read, "every highway laid out and every highway dedicated," etc. The same result is obtained by giving to "and" the meaning of "or," which may be done in statutes as well as in wills or deeds to carry out the intention. These considerations apply to the second section of the act also, and make it applicable to "dedicated" roads as well as to those "laid out."

The statute thus amended is general in its operation and operates as a repeal or modification of the charter of the city of Oswego, so far as it is inconsistent therewith. (See Laws of 1860, chap. 463, tit. 10, § 8.)

Thus far it has been assumed, for the purposes of discussion, that the *locus in quo* had been dedicated to the use of the public as a street, and accepted as such by the public authorities. But the findings of the referee, as we understand them, do not warrant that assumption. Before the year 1850 a street had been dedicated and mapped by the owner of the land now belonging to the plaintiff, and had been accepted by the public authorities; but that street was forty feet west of the one in dispute and did not include the *locus in quo*. In 1854 a new map was made of the same lands (by whose direction does not appear) on which the street in dispute is shown. The referee found that the map last mentioned was never adopted by the common council of the city, but has been kept in the office of the city clerk. He also found that the plaintiff, by certain acts, has recognized the map of 1854 as the true map of the locality. Those findings are all there are on the subject, and they are far short of establishing either a dedication or an acceptance of the street as marked on the map of 1854.

The judgment should be affirmed, with costs.

HARDIN and HAIGHT, JJ., concurred. .

Judgment affirmed, with costs.